ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 OCT 13 AM 8: 13

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

ROBERT E. JACKSON,        )
                          )
        Petitioner,       )
                          )
v.                        )    CV 105-141
                          )
TYDUS MEADOWS, Warden,    )
                          )
        Respondent.       )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed the above-captioned petition for a writ of habeas corpus in the Middle District of Georgia; the case was subsequently transferred to this District because Petitioner seeks to challenge a state conviction entered in the Superior Court of Wilkes County, Georgia, which is located in the Southern District of Georgia. Jackson v. Meadows, CV 505-274, doc. no. 4 (M.D. Ga. Aug. 23, 2005)(hereinafter "CV 505-274"). For the reasons explained herein, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* (CV 505-274, doc. no. 3) be **DENIED**, that Plaintiff's motion "to dismiss [his] conviction" (doc. no. 6, p. 3) be **DENIED**, that this case be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

### I. BACKGROUND

To begin, it should be noted that it is unclear whether Petitioner meant to file the captioned petition for writ of habeas corpus in a federal district court or in a Georgia state court. The petition and Petitioner's motion to proceed *in forma pauperis* are written on

forms used by Georgia prisoners seeking to challenge their state convictions in Superior Court and state that this action is in "the Superior Court of Wilkes County." See CV 505-274, doc. no. 1, p. 1; doc. no. 3, p. 1. Confusingly, Petitioner's motion "to dismiss [his] conviction" has the following caption: "In the Superior Court of Southern District State of Georgia. (Doc. no. 6, p. 1). Thus, it is quite possible that Petitioner never meant to file an action in federal court at all. Of course, it would also be reasonable to suppose that Petitioner meant to file a federal petition and simply used the state forms by mistake or because the forms used by state prisoners in this Court were unavailable.

Regardless, Petitioner seeks to challenge his November 8, 2004 burglary conviction via guilty plea in the Superior Court of Wilkes County. CV 505-274, doc. no. 1, p. 1. According to Petitioner, he did not file a direct appeal, and he has not pursued any post-conviction remedy in state court. Id. at 2. Petitioner argues that he is the victim of "malicious prosecution" and that his conviction is based on "fabricated evidence." Id. at 4. The Court resolves the matter as follows.

## II. DISCUSSION

Irrespective of whether Petitioner meant to file his petition in federal court, the instant petition should be dismissed without prejudice so that Petitioner can pursue available state court remedies. Petitions filed by prisoners "in custody pursuant to the judgment of a State court" are governed by 28 U.S.C. § 2254. 28 U.S.C. § 2254(a); Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). Under Rule 4 of the Rules Governing Section 2254

Cases,[1] the instant petition is subject to an initial review by the Court.

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended § 2254. The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. § 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by <u>any</u> available procedure, the question presented." 28 U.S.C. § 2254(c) (emphasis added). In reference to this requirement, the Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999).

Moreover, claims brought in a federal habeas petition which were not raised in the petitioner's state habeas petition or on direct appeal are procedurally barred because the exhaustion requirement has not been met as to those claims. For example, a prisoner may

---

[1]Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

not defeat the exhaustion requirement, by simply "letting the time run" until state remedies are no longer available. Edwards v. Carpenter, 529 U.S. 446, 453 (2000) (quoting O'Sullivan, 526 U.S. at 848); see also Teague v. Lane, 489 U.S. 288, 297-98 (1989) (failing to raise claim at trial or on direct appeal, thus forfeiting review of the claim in the Illinois courts either on appeal or collateral review, bars claim from federal habeas review).

In addition, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

O'Sullivan, 526 U.S. at 845. This "one full opportunity" includes pursuing discretionary review with the highest available appellate court. Id.

The AEDPA, however, contains two significant changes bearing on the exhaustion requirement. First, the AEDPA eliminates a district court's ability to infer a state's waiver of exhaustion from the state's failure to expressly invoke the exhaustion requirement. See 28 U.S.C. § 2254(b)(3). Under the revised statute, a waiver can be found only if the state, through counsel, expressly waives the requirement. See id. Here, there has been no express waiver. Second, the AEDPA confers discretion upon the district courts to deny a habeas petition on the merits notwithstanding the petitioner's failure to exhaust the remedies available in state court. See 28 U.S.C. § 2254(b)(2). When read in conjunction with the

exhaustion requirement contained in § 2254(b)(1) and the waiver requirement contained in § 2254(b)(3), § 2254(b)(2) creates a confusing statutory framework within which the district courts must consider habeas petitions. See Hoxsie v. Kerby, 108 F.3d 1239, 1243 (10th Cir. 1997) (recognizing § 2254(b)(2), standing alone, does not contain the standard for determining when a federal court should dismiss a petition on the merits instead of insisting on exhaustion); Gaylor v. Harrelson, 962 F. Supp. 1498, 1499-1500 (N.D. Ga. 1997) (same).

In deciding whether to require exhaustion or to address the merits, the Supreme Court's decision in Granberry v. Greer, 481 U.S. 129 (1987), provides some insight. In Granberry, the Supreme Court stated:

> If, for example, the case presents an issue on which an unresolved question of fact or of state law might have an important bearing, both comity and judicial efficiency may make it appropriate for the court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis. On the other hand, if it is perfectly clear that the applicant does not raise a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served . . . if . . . the district court denies the habeas petition.[2]

Id. at 134-35; see also Atkins v. Singletary, 965 F.2d 952, 957 (11th Cir. 1992) (applying Granberry). Based on Granberry, the question of whether to require exhaustion in lieu of addressing the merits turns on whether it is "perfectly clear" that the petitioner has failed to state "even a colorable federal claim." Granberry, 481 U.S. at 134-35. In other words, if there is arguably a colorable claim, the Court should normally invoke the exhaustion

---

[2]The Court recognizes that § 2254(b)(3) overrules Granberry to the extent that the state no longer may be deemed to waive the exhaustion requirement. The quoted passage, however, remains good law, and indeed, the policies underlying the passage are directly incorporated into § 2254(b)(2).

5

requirement and dismiss the petition without prejudice.

In the case at bar, Petitioner admits that he has not exhausted his state court remedies because he did not pursue any direct appeal or state collateral proceeding. Thus, Petitioner has not alleged the requisite exhaustion of his available state remedies. See 28 U.S.C. § 2254(c). As the United States Supreme Court admonished, "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842. Because Petitioner has failed to allege that he exhausted his available state remedies, the instant federal habeas corpus petition should be dismissed.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases and for the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* (CV 505-274, doc. no. 3) be **DENIED**, that Plaintiff's motion "to dismiss [his] conviction" (doc. no. 6, p. 3) be **DENIED**, that this case be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of October, 2005, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

JACKSON )

vs ) CASE NUMBER CV 105-141

MEADOWS )
) DIVISION AUGUSTA

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 10/13/05, which is part of the official record of this case.

Date of Mailing: 10/13/05

Date of Certificate  [X] same date,  or _____

Scott L. Poff, Clerk

By: _____
Joe Howell, Deputy Clerk

Name and Address

ROBERT E. JACKSON SERVED @ PRISON ADDRESS.

☐ Copy placed in Minutes
☐ Copy given to Judge
[X] Copy given to Magistrate